UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADRIAN FRANCIS WILLIAMS,

    Petitioner,

v.                                                      Case No. 3:19-cv-121-J-32PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____

**<u>ORDER</u>**

      Adrian Francis Williams, an inmate of the Florida penal system, is proceeding on a pro se "Petition to Stop Time and Petition of Understanding and Extension of Time" (Doc. 1; Motion). He seeks an extension of time to file a habeas corpus petition because he received the state court's order denying his postconviction motion late and needs time to file a motion for rehearing. His Motion does not provide any information about his underlying state court criminal conviction or the grounds on which he seeks to challenge that conviction.

      Williams has not properly initiated a habeas corpus case in this Court. <u>See</u> <u>Woodford v. Garceau</u>, 538 U.S. 202, 208 (2003) (concluding that a "habeas suit begins with the filing of an application for habeas corpus relief"). Thus, the Court lacks jurisdiction to grant an extension of the one-year limitations period. <u>See</u> <u>Swichkow v. United States</u>, 565 F. App'x 840, 844 (11th Cir. 2014) ("[B]ecause [the petitioner] had yet to file an actual § 2255 motion at the time he sought an extension to the

limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider [the petitioner]'s requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief."); see also Myers v. Hodges, No. 3:17cv13/RV/CJK, 2017 WL 970274, at *1 (N.D. Fla., March 13, 2017) (adopting report and recommendation to dismiss motion for extension of time for lack of jurisdiction where state prisoner did not have a pending § 2254 petition).

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice for lack of jurisdiction**. If Petitioner wishes to file a federal habeas corpus petition, he must do so within the one-year limitations period. The Clerk **is directed** to send Petitioner a form for filing a habeas petition.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. If Williams appeals the dismissal of this case, the Court denies a certificate of appealability[1] and the Clerk shall terminate from the pending motions

---

[1] This Court should issue a certificate of appealability only if Williams makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Williams "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that

report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of February, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Adrian Francis Williams, #126077

---

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.

3